Kelsey A. Israel-Trummel (SBN 282272)
kitrummel@jonesday.com
Matthew H. Wallace (SBN 358747)
matthewwallace@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: +1.415.626.3939
Facsimile: +1.415.875.5700

Jennifer W. Plagman (*pro hac vice*)
jplagman@jonesday.com
110 North Wacker Drive, Suite 4800
Chicago, IL 60606
Telephone: +1.312.782.3939
Facsimile: +1.312.782.8585

Kassia Stephenson (SBN 336175)
kstephenson@jonesday.com
4655 Executive Drive, Suite 1500
San Diego, California 92121.3134
Telephone: +1.858.314.1200
Facsimile: +1.844.345.3178

Attorneys for Defendant
HILTON HOTEL EMPLOYER LLC

(Additional counsel on next page)

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

PAUL DUKES and VERONICA SANCHEZ, individually and on behalf of other aggrieved employees,

Plaintiffs,

v.

HILTON HOTEL EMPLOYER LLC, a Delaware corporation; and, DOES 1-20, Inclusive,

Defendants.

Case No. 2:25-02543-DJC-CKD

**JOINT STIPULATION AND ORDER TO ARBITRATE PLAINTIFF PAUL DUKES' INDIVIDUAL CLAIMS AND INDIVIDUAL PAGA CLAIM, STAY DUKES' REPRESENTATIVE PAGA CLAIM, AND DISMISS PLAINTIFF VERONICA SANCHEZ WITHOUT PREJUDICE**

TIMOTHY B. DEL CASTILLO (SBN: 277296)

tdc@castleemploymentlaw.com
BRYCE Q. FICK (SBN: 322951)
bf@castleemploymentlaw.com
CASTLE LAW: CALIFORNIA EMPLOYMENT COUNSEL, PC
2999 Douglas Blvd, Suite 180
Roseville, CA 95661
Telephone: (916) 245-0122

**RICHARDSON EMPLOYMENT LAW, P.C.**
DANIEL E. RICHARDSON (SBN 289327)
dr@richardsonemploymentlaw.com
LISA L. BRADNER (SBN 197952)
lb@richardsonemploymentlaw.com
KENT L. BRADBURY (SBN 279402)
kb@richardsonemploymentlaw.com
2281 Lava Ridge Ct., Suite 200
Roseville, CA 95661
Telephone: (916) 333-7959 | Fax: (916) 333-7916

Attorneys for Plaintiffs
PAUL DUKES and VERONICA SANCHEZ

**JOINT STIPULATION**

Plaintiffs Paul Dukes and Veronica Sanchez ("Plaintiffs") and Defendant Hilton Hotel Employer LLC ("Hilton" or "Defendant") (collectively, the "Parties"), by and through their respective counsel of record, hereby stipulate and agree as follows:

WHEREAS, on or around August 1, 2025, Plaintiffs filed a Complaint in the Superior Court of California, County of San Joaquin, asserting individual claims for: (1) failure to pay overtime wages; (2) sick leave violations; (3) failure to provide meal periods; (4) failure to provide accurate wage statements; (5) illegal tip pooling; (6) conversion; and (7) violations of California's Unfair Competition Law. *See* ECF No. 1, Ex. A. Plaintiffs also assert individual and representative California Private Attorneys General Act ("PAGA") claims based on the same alleged California Labor Code violations underlying their individual claims (*see id.*);

WHEREAS, on September 3, 2025, Hilton answered the Complaint in California Superior Court, and, on September 4, 2025, removed the Complaint to this Court (*see id.*);

WHEREAS, on October 1, 2025, Plaintiffs filed a Motion to Remand (*see* ECF No. 11), which this Court denied on April 20, 2026 (*see* ECF No. 26);

WHEREAS, on April 23, 2026, the Court ordered the Parties to meet and confer and file a Joint Rule 26(f) Report within fourteen days (*see* ECF No. 30);

WHEREAS, on May 5, 2026, the Parties met and conferred pursuant to the Court's April 23, 2026 Order, and Hilton informed Plaintiffs' counsel that it intended to file a Motion to Compel Arbitration and Stay the Action based on the Mutual Agreement to Arbitrate Claims executed by Plaintiff Paul Dukes. Hilton's counsel requested that Plaintiffs stipulate to submit Plaintiff Dukes' individual and individual PAGA claims to arbitration and to stay the action pending resolution of Dukes' arbitration;

WHEREAS, on May 7, 2026, the Parties filed a Joint Rule 26(f) Report with the Court, and, in that report, Hilton also informed the Court that it intended to promptly file a Motion to Compel Arbitration and Stay Action (*see* ECF No. 31, at 4-5);

WHEREAS, the Court has not yet entered a scheduling order in this matter; and

WHEREAS, following subsequent conferral, the Parties have agreed to stipulate to: (1) submit Plaintiff Paul Dukes' individual claims and individual PAGA claims to arbitration pursuant to the terms of his Mutual Agreement to Arbitrate Claims; (2) stay Plaintiff Dukes' representative PAGA claim in this Court pending the completion of the arbitration; and, contingent on Court approval of the above, (3) dismiss Plaintiff Veronica Sanchez from this action without prejudice pursuant to Rule 41(a)(1)(A)(ii).

THEREFORE, Plaintiffs and Defendant, by and through their undersigned counsel of record, hereby stipulate and agree and respectfully request that this Court enter an order as follows:

1. That Plaintiff Paul Dukes' individual claims and individual PAGA claim shall be submitted to and resolved by binding arbitration pursuant to the terms of his Mutual Agreement to Arbitrate Claims.

2. That Plaintiff Paul Dukes' representative PAGA claim shall be stayed pending the conclusion of the arbitration, and that all deadlines in this action be vacated.

3. That the Parties shall file a Joint Status Report with the Court within fourteen (14) days following the conclusion of Plaintiff Paul Dukes' arbitration, informing the Court of the outcome of the arbitration and the Parties' positions as to next steps for Dukes' representative PAGA claim.

4. That Plaintiff Veronica Sanchez's claims be dismissed from this action without prejudice pursuant to Rule 41(a)(1)(A)(ii).

**IT IS SO STIPULATED.**

Dated: July 29, 2026

Respectfully submitted,

**JONES DAY**

By: */s/ Kelsey A. Israel-Trummel*
Kelsey A. Israel-Trummel
*Attorney for Defendant*

Dated: July 29, 2026

Respectfully submitted,

**RICHARDSON EMPLOYMENT LAW, PC**

By: */s/ Kent L. Bradbury* (as authorized on 7/28/2026)
Kent L. Bradbury
*Attorney for Plaintiffs*

**ORDER**

The Court ORDERS:

1. That Plaintiff Paul Dukes' individual claims and individual PAGA claim shall be submitted to and resolved by binding arbitration pursuant to the terms of his Mutual Agreement to Arbitrate Claims.

2. That Plaintiff Paul Dukes' representative PAGA claim shall be stayed pending the conclusion of the arbitration, and that all deadlines in this action be vacated.

3. That the Parties shall file a Joint Status Report with the Court within fourteen (14) days following the conclusion of Plaintiff Paul Dukes' arbitration, informing the Court of the outcome of the arbitration and the Parties' positions as to next steps for Dukes' representative PAGA claim.

4. That Plaintiff Veronica Sanchez's claims be dismissed from this action without prejudice pursuant to Rule 41(a)(1)(A)(ii).

5. That the Clerk of Court administratively close this case.

Dated: July 29, 2026

/s/ Daniel J. Calabretta
THE HONORABLE DANIEL J. CALABRETTA
UNITED STATES DISTRICT JUDGE